UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-6364-SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHANNON DEMAR RYAN,

    Defendant.

## **DETENTION ORDER**

    Pursuant to 18 U.S.C. § 3142(f), on August 21, 2020, a hearing was held to determine whether Defendant, **Shannon Demar Ryan** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that Defendant, **Shannon Demar Ryan** be detained prior to trial and until the conclusion thereof.

    In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1. The Defendant is charged with kidnaping of a two year-old child, in violation of 18 U.S.C. § 1201(a)(1). Therefore, the Defendant is charged with an offense involving a minor victim. 18 U.S.C. § 3142(g)(1).

    2. The weight of the evidence against the Defendant is substantial. Government witnesses will testify that on the morning of July 26, 2020, a two year-old child later identified as K.A. was found wandering alone in an apartment complex located in Miramar, Florida. Law enforcement personnel subsequently learned that

the child was the son of L.C., who had been driving a white pickup truck. The truck was located in a Walmart parking lot in Hollywood, Florida. On July 28, 2020, surveillance officers observed the Defendant approach the truck with its keys in his hand.

In an interview with law enforcement officers, the Defendant stated that he had known L.C. since 2019, and L.C. was meeting the Defendant in Florida in order to sell him her truck. The Defendant related that he met with L.C. at a RaceTrac gas station in Hollywood, Florida, at which time he purchased L.C.'s truck for $3,000.00. He said that he had taken L.C. and K.A. to the beach in Fort Lauderdale on July 25, 2020 in his 2004 Lexus. The three then returned to the gas station and parked at the pumps. According to the Defendant, at approximately 2:30 a.m. on July 26, 2020, L.C. and K.A. left the area with several black males in a dark sedan. Video surveillance at the gas station did not show the Defendant's car parked at the pumps, nor did it show L.C. leaving in a dark sedan.

Video surveillance footage of the Miramar apartment complex where K.A. had been found showed a vehicle which appeared to be the Defendant's Lexus, which is distinctive because it is missing its front bumper, in the vicinity only minutes before K.A. was found. Video of footage of the RaceTrac gas station shows the Defendant's Lexus leaving the gas station at 8:15 a.m. and returning at 8:38 a.m., the time frame within which K.A. was discovered in the parking lot. The Defendant later admitted that he was in the area of the apartment complex, stating that he was there because of a flat tire.

An employee at the RaceTrac told officers that he had seen the Defendant using the gas station's dumpster. Another employee recalled seeing women's clothing and children's toys in the dumpster on or around July 26, 2020. Google searches

performed by the Defendant and purchases made by him suggest that he may have been planning to dispose of human remains. 18 U.S.C. § 3142(g)(2).

  3. The pertinent history and characteristics of the Defendant are that he is homeless and has no ties to South Florida. The Defendant claims to be employed as a tarot reader, psychic advisor and spiritual guide. His only asset is his Lexus sedan. In 2004, the Defendant was convicted of burglary and sentenced to 15 years imprisonment. He faces a substantial prison term if convicted of the instant offense, and must be deemed to be a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

  4. There is probable cause to believe the Defendant kidnaped a two year-old child, an offense involving a minor victim. Accordingly, the Defendant constitutes a danger to other persons and the community. 18 U.S.C. § 3142(g)(4).

  5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the Defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

  Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this Defendant presents a danger to other persons and the community, and a serious risk of flight if released prior to trial. The Court hereby directs:

  (a) That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

  (b) That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

  (c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in

which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 3rd day of September, 2020.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Jodi Anton (FTL)
AFPD Jan Smith (FTL)

U.S. Probation Office (FTL)